UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-24181-DPG

**MOORE & COMPANY, P.A.**,

    Plaintiff,

v.

**BRENT KALLOP and BROOKS KALLOP, as
Co-Personal Representatives and Co-Executors
for the Estate of WILLIAM M. KALLOP**,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 48]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

Plaintiff Moore & Company, a law firm, brought this action against William M. Kallop ("Decedent") alleging claims for breach of contract, open account, account stated, and quantum meruit based on Decedent's purported failure to pay Plaintiff $215,698.84 in fees for legal services.[1] On April 5, 2019, the Court dismissed the Complaint for failure to properly allege the citizenship of the parties as required for diversity jurisdiction. [ECF No. 35]. On April 11, 2019, Decedent's counsel filed a Suggestion of Death notifying the Court of Decedent's death. [ECF No. 36]. That same day, Plaintiff filed its Amended Complaint. [ECF No. 37].

---

[1] Plaintiff had a difficult time serving Decedent, a citizen of Texas, but ultimately served him via substitute service. Decedent failed to respond to the Complaint, resulting in a clerk's default on June 26, 2018. [ECF No. 19]. Decedent later appeared, and the Court vacated the clerk's default. [ECF No. 27].

1

On April 24, 2019, Decedent's Estate was opened in Harris County, Texas Probate Court (the "Probate Action"). [ECF No. 48-1]. On January 10, 2020, the Court granted Plaintiff's Motion for Substitution of Party, substituting Decedent's executors, Brent and Brooks Kallop (the "Executors"), for Decedent as the Defendants in this action. [ECF No. 46]. On November 5, 2019, Plaintiff filed an unsecured claim against the Estate for its unpaid legal services—based on the same facts alleged in this action. [ECF No. 47-1]. The Executors now move to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, arguing that the probate exception to federal jurisdiction mandates dismissal and, in the alternative, that the Court should dismiss this action under the *Colorado River* doctrine.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). A motion to dismiss for lack of subject matter jurisdiction, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction." *Id.* (internal quotation omitted). Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[2] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'"

---

[2]  The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

*McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Here, the Executors advance a factual challenge to the Court's subject matter jurisdiction.

### III.   DISCUSSION

#### A.   The Probate Exception

It is undisputed that this action involves citizens of different states and the amount in controversy exceeds $75,000, such that this Court has diversity jurisdiction under 28 U.S.C. § 1332. "Federal courts, however, have recognized an exception to federal diversity jurisdiction in cases involving state probate matters." *Stuart v. Hatcher*, 757 F. App'x 807, 809 (11th Cir. 2018). *See also Mich. Tech. Fund v. Century Nat'l Bank*, 680 F.2d 736, 739 (11th Cir. 1982) ("Despite the requisite diversity of parties and amount in controversy, federal courts generally do not have diversity jurisdiction over matters affecting state probate proceedings, other than to establish claims and to determine the rights of those asserting an interest in the estate.").

The probate exception is narrow and only applies to "cases that would require a federal court to (1) probate a will, (2) administer an estate, or (3) 'dispose of property that is in the custody of a state probate court.'" *Catano v. Capuano*, No. 18-20223-CIV, 2020 WL 639406, *3 (S.D. Fla. Feb. 11, 2020) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006)). As a result, federal courts have the authority to "entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, 'so long as the federal court does not *interfere with the probate proceedings*.'" *Marshall*, 547 U.S. at 310–11 (emphasis in original) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). The Eleventh Circuit describes the scope of the probate exception as follows:

> [A] creditor may obtain a federal judgment that he has a valid claim against the estate for one thousand dollars, or a devisee may obtain a declaratory judgment that a probated will entitles him to twenty percent of the net estate. What the federal

> court may not do, however, is to order payment of the creditor's thousand dollars, because that would be an assumption of control over property under probate.

*Stuart*, 757 F. App'x at 809 (quoting *Turton v. Turton*, 644 F.2d 344, 347 (5th Cir. 1981)). To ascertain whether the probate exception applies, the Court must "look past the plaintiff's theory of relief and consider the effect a judgment would have on the jurisdiction of the probate court." *Id.* (internal quotation omitted).

The Court does not find that the probate exception bars it from exercising jurisdiction over this case. While the resolution of this action in Plaintiff's favor might result in a judgment against Decedent's estate, "[t]he probate exception does not foreclose a creditor from obtaining a federal judgment that the creditor has a valid claim against the estate for a certain amount." *Mich. Tech. Fund*, 680 F.2d at 740. Plaintiff claims that it is owed money for legal services rendered before Decedent's death. Should Plaintiff prevail on its claims, it would stand as a creditor of the estate. Plaintiff would then, like any other creditor, submit its judgment to the Probate Court. Accordingly, Defendant's motion to dismiss on the basis of the probate exception is denied.

**B.    Discretionary Dismissal Under the *Colorado River* Doctrine[3]**

Defendants also argue that the Court should use its discretion to dismiss this action in deference to the pending Texas Probate Case under the *Colorado River* doctrine. The doctrine allows federal courts to dismiss or stay a case if "(1) a parallel lawsuit is proceeding in state court, and (2) the interests of wise judicial administration demand abstention." *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818–20 (1976)). However, "because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them' and a pending action in state

---

[3] Plaintiff did not respond to the Executors' arguments regarding the *Colorado River* doctrine. However, because Executors are asking the Court to abstain from exercising its jurisdiction, the Court addresses the substance of the argument.

4

court is 'no bar to proceedings concerning the same matter,' abstention applies only in 'exceptional circumstances' and must be based on 'only the clearest justifications.'" *Id.* (quoting *Colorado River*, 424 U.S. at 813–19).

### 1.   Parallel Proceeding

As a threshold matter, a court must decide whether there is a parallel state action to determine whether abstention is merited. *Id.* A parallel state action is one "involving substantially the same parties and substantially the same issues." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013). Because Plaintiff filed a nearly identical claim for damages against the Decedent's Estate both here and in the Texas Probate Court, the Court finds that the Texas Probate Case is parallel to the instant action.

### 2.   Interests of Judicial Administration

Because this action and the Probate Proceeding are parallel, the Court must consider six factors in determining whether abstention is appropriate:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Id.* at 1141. "No single factor is dispositive . . . [and] we apply these factors flexibly and pragmatically, not mechanically." *Id.* (citing *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1332 (11th Cir. 2004)).

#### a.   Jurisdiction Over Property

The first factor, which court first assumed jurisdiction over the property, "applies only where there is a proceeding *in rem*. . . . [p]ut differently, where there is no real property at issue,

this factor does not favor abstention." *Id.* (internal quotations and citations omitted). As there is no real property at issue in this action, this factor does not favor abstention.

### b. Relative Inconvenience of the Fora

"The second factor concerns the inconvenience of the federal forum and focuses 'primarily on the physical proximity of the federal forum to the evidence and witnesses.'" *Id.* (quoting *Ambrosia Coal*, 368 F.3d at 1332). Plaintiff is located in this district and Plaintiff's claim relates to legal services that were rendered in this district. As a result, this factor weighs against abstention.

### c. The Order of Jurisdiction and the Relative Progress of both Actions

The third factor focuses on the order in which jurisdiction was obtained and the relative progress of the two actions. The Supreme Court has held that this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). "This factor . . . is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id*. Plaintiff filed this action a year and a half before Decedent died and two years before it filed a claim in the Probate Proceeding. While this action has not progressed quickly, that is through no fault of the Plaintiff. Accordingly, this factor weighs against abstention.

### d. Piecemeal Litigation

The fourth factor, potential for piecemeal litigation, "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333. In *Colorado River*, the Federal Government sued some 1,000 water users, seeking a declaration of the Government's rights to waters in certain rivers and tributaries. *Colorado River*, 424 U.S. at 805. "The single most important factor in the Supreme Court's decision to permit abstention was the federal statute upon

which the lawsuit revolved evinced a clear federal policy of avoiding the piecemeal adjudication of water rights in a river system." *Ambrosia* Coal, 368 F.3d at 1333 (citing *Colorado River*, 424 U.S. at 819). This action is easily distinguishable from *Colorado River*. While there might be some overlap in the proceedings, they do not pose a threat of waste that exceeds the threat posed in "the vast majority [of] federal cases with concurrent state counterparts." *Ambrosia Coal*, 368 F.3d at 1333. Therefore, this factor does not weigh in favor of abstention.

       e. Whether Federal Law Provides the Rule of Decision

The fifth factor, whether federal law or state law provides the rule of decision only favors abstention "where the applicable state law is particularly complex or best left for state courts to resolve." *Jackson-Platts*, 727 F.3d at 1143. This action does not involve a complex question of law. Rather, it is a simple breach of contract action. Accordingly, this factor does not weigh in favor of abstention.

       f. Whether the State Court Will Adequately Protect the Rights
         of All Parties

The sixth factor, whether the state court can adequately protect the parties' rights, "will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Ambrosia Coal*, 368 F.3d at 1334.Both the Texas Probate Court and this Court are capable of protecting the parties' rights. "The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed." *Noonan South, Inc. v. Volusia Cty.,* 841 F.2d 380 (11th Cir. 1988). Therefore, this factor does not weigh in favor of abstention.

Upon a full review of the factors, the Court finds that abstaining from exercising its jurisdiction is not warranted.

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 48] is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE